UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARRYL F. MARLROUGH, JR.,**[1]
                   **Plaintiff**        **CIVIL ACTION NO.:**

**VERSUS**

**CORNERSTONE CHEMICAL COMPANY**
                   **Defendant**

## NOTICE OF REMOVAL

Comes now Defendant Cornerstone Chemical Company (hereinafter "Cornerstone"), fully reserving its rights to raise all defenses and objections to which it may be entitled, including those stated in Federal Rule of Civil Procedure 12, and hereby removes from the 24th Judicial District Court for the Parish of Jefferson, Louisiana, to the United States District Court for the Eastern District of Louisiana, the following described and captioned lawsuit. In support thereof, Cornerstone represents as follows:

### I.   Removal Jurisdiction

1.

Removal is proper in any civil action "of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Cornerstone bases this removal on federal question jurisdiction pursuant to 28 U.S.C. § 1331, civil rights jurisdiction pursuant to 28 U.S.C. § 1443, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

---

[1] Plaintiff's caption spells his name as "Marlrough," so Cornerstone has reproduced it here. The body of Plaintiff's Petition spells his last name as "Marlbrough," which Cornerstone believes to be the correct spelling of his last name and consequently, Cornerstone uses this spelling throughout its Removal.

2.

Cornerstone files this Notice of Removal within 30 days of receipt of the initial pleading "through service or otherwise" which occurred on December 12, 2022. 28 U.S.C. § 1446(b)(1). Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

3.

Venue is proper in the United States District Court for the Eastern District of Louisiana because the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana is located within this District. 28 U.S.C. § 1441(a).

## II. Statement of Facts

4.

On November 22, 2022, Plaintiff Darryl F. Marlbrough, Jr. ("Plaintiff") filed a Petition for Discrimination ("Petition") against Cornerstone in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The suit is captioned *Darryl F. Marlrough, Jr. v. Cornerstone Chemical Company,* and bears Docket No. 835-312. Cornerstone was served on December 12, 2022, and a copy of the papers received by Cornerstone is attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

5.

Plaintiff alleges as follows:

> This action arises under the laws of the United States and specifically, 42 U.S.C. § 1983, the First Amendment of the United States Constitution and LSA R.S. 23:332, et seq. for jurisdiction over the claim arising under the laws of the State of Louisiana, pursuant to 28 U.S.C. § 1367, as the State claim arises out of the same adverse employment action of termination that gave rise to plaintiff's Federal claim and forms a part of the same case or controversy.

Petition, ¶ 1.

6.

According to the Petition, Plaintiff was employed by Cornerstone as an Operations Supervisor from March 29, 2017 to December 31, 2019. Petition, ¶¶ 4-6.

7.

The Petition alleges that Plaintiff was wrongfully terminated from his employment on December 31, 2019. Petition, ¶¶ 1, 4, 11.

8.

Specifically, Plaintiff alleges that he was "continually harassed" during his employment and subjected to a hostile work environment due to his race (American Indian). Petition, ¶ 7. The Petition further alleges that Plaintiff was subjected to "offensive jokes about race and subjected to demeaning terms, rude gestures, inappropriate language and intentional work interference." Petition, ¶ 8. He also asserts that he complained about the aforementioned behavior, and it was "pervasive and continuous" and "serious enough" to disrupt his work activity. Petition, ¶¶ 9-10.

9.

Plaintiff further claims that Cornerstone "acted intentionally and in clear disregard for plaintiff's <u>federally</u> protected right; alternatively defendant acted with reckless disregard of plaintiff's <u>federally</u> protected rights." Petition, ¶ 14 (emphasis added).

10.

Plaintiff seeks the following categories of damages: (1) emotional distress, humiliation, and loss of enjoyment of life; (2) damage to reputation; (3) legal expenses and costs; and (4) any other available damages. Petition, ¶ 15.

### III. Basis for Removal

11.

This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court also has original jurisdiction over civil rights laws under 28 U.S.C. § 1443.

12.

Plaintiff's Petition expressly references and relies on the First Amendment, 42 U.S.C. § 1983. Petition, ¶ 1. A constitutional tort claim under § 1983 is facially removable because it is a civil action founded on claims under the Constitution or laws of the United States. *Quinn v. Guerro*, 863 F.3d 353, 358-359 (5th Cir. 2017); *Carr v. Capital One*, N.A., 460 Fed Appx. 461, 467-468 (5th Cir. 2012).

13.

Plaintiff, appearing *pro se,* alleges he was the victim of racial discrimination, including harassment and a hostile work environment and that Cornerstone violated his "federally protected rights," which appears to give rise to federal claims arising under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Petition, ¶¶ 7-10. In fact, he states that he has a "federal claim." Petition, ¶ 1. In his Petition, Plaintiff does not allege whether or not he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). However, a copy of his Notice of Right to Sue referencing a charge is attached to his Petition. *See* Exhibit A. The Notice of Right to Sue was issued on August 25, 2022. *Id.*

14.

Plaintiff's Petition makes a brief reference to the Louisiana Employment Discrimination Law ("LEDL"), specifically La. R.S. 23:332, which prohibits intentional discrimination in employment. However, Plaintiff must be attempting to state a claim under 42 U.S.C. § 1981 or Title VII rather than their Louisiana state-law counterparts; otherwise the applicable statutes of limitation (or prescriptive periods) preclude his claims.

15.

Plaintiff's state law claim under the LEDL is subject to a one-year prescriptive period. La. R.S. 23:203(D). However, the LEDL's one-year prescriptive period may be suspended for up to six months during the pendency of any administrative review or investigation by the EEOC. *Id.* Thus, at the very latest, employment discrimination claims under the LEDL must be filed within eighteen months of the alleged discriminatory misconduct. *See Kirkland v. Big Lots Stores, Inc.*, No. CIV. 12-00007, 2013 WL 495782, at *4 (W.D. La. Feb. 7, 2013). The prescriptive period on Plaintiff's LEDL claim began to accrue on his termination date, December 31, 2019.. *O'Neal v. Cargill, Inc.,* 178 F. Supp. 3d 408, 417 (E.D. La. 2016) ("The Louisiana Employment Discrimination Act contains a one-year prescriptive period ... Prescription begins to run on the date of the allegedly discriminatory termination."). However, Plaintiff did not file suit until November 22, 2022, almost three years after his termination. Plaintiff's LEDL claims have prescribed.

16.

By contrast, claims under Section 1981 for intentional discrimination are subject to a four-year statute of limitations. *Jones v. R.R. Donnelley & Sons Co*., 541 U.S. 369, 124 S. Ct. 1836, 1837, 158 L. Ed. 2d 645 (2004); 28 U.S.C. § 1658 ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be

commenced later than four years after the cause of action accrues."). In order to file suit under Title VII, a plaintiff first must file a charge with the EEOC within 300 days of the alleged discriminatory act. *Fairley v. Wal-Mart Stores, Inc.*, 216 F. Supp. 3d 708, 731 (E.D. La. 2016) (citing 42 U.S.C. § 2000e, *et seq.*); *Conner v. Louisiana Dep't of Health & Hospitals*, 247 Fed. Appx. 480, 481 (5th Cir. 2007). Once the EEOC issues a right-to-sue letter to the charging party, that party has 90 days to file a Title VII action. *Id.* Plaintiff's Notice of Right to Sue Letter was issued on August 25, 2022, less than 90 days before he filed his Petition. Consequently, while his state law claims have expired, Plaintiff appears to assert timely federal claims in his Petition and this case is removable. *See Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548 (N.D. Tex. 2005) (removing a case to federal court on the basis of federal question jurisdiction where Title VII was not mentioned in the complaint but a Notice of Right to Sue letter was attached to the complaint).

17.

By expressly asserting claims under federal law, namely the First Amendment, Section 1981, and Title VII, Plaintiff's Petition asserts federal questions under 28 U.S.C. §1331. Plaintiff explicitly invoked his "federally protected rights" as the basis for his claims in his Petition and references his "federal claim." Petition, ¶¶ 1, 14. Accordingly, this case is properly removable under 28 U.S.C. §§ 1441(a) and 1443. In addition, the Court may exercise supplemental jurisdiction over any putative state-law claims because the state and federal claims derive from a common nucleus of operative fact and are such that the parties would ordinarily be expected to try them all in one judicial proceeding. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Any putative state-law claims that may be asserted by

6

Plaintiff arise from the "same case or controversy" as the claims over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331. *See* 28 U.S.C. § 1367(a).

18.

Accordingly, because the Petition specifically alleges claims arising under federal law, this Court has original jurisdiction, and this matter is properly removable. 28 U.S.C. §§ 1331, 1367; 1441(a), 1443.

### IV.   Notice to Other Parties and the State Court

19.

Along with the filing of this Notice of Removal, Cornerstone has at the same time given written notice to Plaintiff by furnishing copies of this Notice of Removal and attachments and will file forthwith a notice of this removal in the 24th Judicial District Court, State of Louisiana.

20.

Cornerstone reserves its rights to raise all objections and defenses to which it may be entitled, waiving nothing.

21.

Cornerstone reserves its right to amend or supplement this Notice of Removal and to urge additional arguments in support of its entitlement to remove this suit.

### V.   Conclusion

22.

Cornerstone has properly established that original jurisdiction exists based on the claims set forth in Plaintiff's Petition. This case is, therefore, removable.

/s/ Ellen C. Rains
Christopher E. Moore, T.A., La. Bar No. 26430
Ellen C. Rains, La. Bar No. 36927
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  504.648.3840
Facsimile:  504.648.3859
Email: christopher.moore@ogletreedeakins.com
ellen.rains@ogletreedeakins.com

*Attorneys for Defendant Cornerstone Chemical Company*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been filed *via* the Court's Electronic Filing System, and that Plaintiff, appearing *pro se*, has been served via U.S. Mail.

This 4th day of January, 2023.

/s/ Ellen C. Rains
Ellen C. Rains